IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GALE AULABAUGH, INC., an Illinois Corporation, d/b/a MADISON LICENSE AND CHECK EXPRESS, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 16-CV-244-SMY-PMF |
| vs. | )<br>) |
| BOARD OF TRUSTEES OF THE NECA-IBEW PENSION BENEFIT TRUST FUND, et al., | )<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now pending before the Court is Plaintiff Gale Aulabaugh, Inc. d/b/a Madison License and Check Express's Motion to Remand (Doc. 11). Defendant NECA-IBEW Pension Benefit Trust Fund (the "Fund") filed a response (Doc. 17). For the following reasons, the motion is **GRANTED**.

Plaintiff originally filed suit against Defendants Jason Davidson ("Davidson") and the Fund in the small claims court of the Third Judicial Circuit, Madison County, Illinois alleging breach of presentment and transfer warranties (Doc. 1-2). Specifically, Plaintiff alleges that Davidson negotiated a check made payable to himself which was drawn on the account of the Fund in the amount of $4,049.06 at Plaintiff's business (*Id.*). Plaintiff further alleges that it took the check for value, in good faith and without knowledge that the check was overdue or had been dishonored (*Id.*). When Plaintiff tried to cash the check, it was returned unpaid to Plaintiff and marked "Stop Payment" (*Id.*). Plaintiff alleges that Defendants are jointly and severally liable to

1

Plaintiff as a "holder in due course" pursuant to 810 ILCS 5/3-302 and requests damages in the amount of $4,049.06, interest and costs (*Id*.). The Fund removed the matter to this Court asserting that Plaintiff was a beneficiary and that its claim is a denial of benefits claim which is completely preempted by ERISA.

Pursuant to the removal statute, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district or division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statute is construed narrowly, and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.,* 985 F.2s 908, 911 (7th Cir.1993).

The party seeking removal has the burden of establishing jurisdiction of the district court. *See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir.1997). "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.' " *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997) (citations omitted). If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

In general, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant cannot remove a case to federal court by simply asserting a federal question in the responsive pleading. *Rice v. Panchal,* 65 F.3d 637, 639 (7th Cir.1995). The issues raised in the plaintiff's Complaint, not those added in the defendant's response, control the litigation. *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1486 (7th Cir.1996).

For the most part a "suit arises under the law that creates the cause of action." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 821, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). In determining whether an action was properly removed to federal court, the court examines the plaintiff's Complaint as it existed at the time the defendants filed their Notice of Removal. *See Shannon v. Shannon,* 965 F.2d 542, 545 (7th Cir.1992).

In its Notice of Removal, Defendant states that federal jurisdiction is present in this action because Plaintiff's claims are subject to "complete preemption" by ERISA. Under complete preemption, "federal subject matter jurisdiction exists if the complaint concerns an area of law 'completely preempted' by federal law, even if the complaint does not mention a federal basis of jurisdiction." *Speciale v. Seybold,* 147 F.3d 612, 615 (7th Cir.), *cert. denied*, 525 U.S. 1017, 119 S.Ct. 542, 142 L.Ed.2d 450 (1998) (quoting *Jass,* 88 F.3d at 1487); *Rice,* 65 F.3d at 639 (complete preemption is a doctrine of federal subject matter jurisdiction).

Generally, complete preemption is an issue at the outset of a case when the court must determine if it has jurisdiction, while conflict preemption comes into play only after jurisdiction has been established. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Generally, assuming a plaintiff has properly pled its case, the federal question must be apparent from the face of the complaint. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 399, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). An exception to the well-pleaded complaint rule exists, however, where Congress intends federal law to control so completely in a particular subject area that all claims in that area are automatically characterized as federal in nature. *See Metropolitan Life,* 481 U.S. at 63-64.

In the context of ERISA, the scope of complete preemption is narrow. *See Rice,* 65 F.3d at 645. This is because, for the most part, it applies only to claims to recover benefits under an

ERISA plan, i.e., claims that fall under ERISA § 502(a), 29 U.S.C. § 1132(a), ERISA's civil enforcement provisions. *See Speciale,* 147 F.3d at 615. As such, when considering issues of federal jurisdiction, complete preemption requires the court to determine whether a plaintiff's state law claims can be re-characterized as claims falling under the civil enforcement provisions of ERISA § 502(a). *See Rice,* 65 F.3d at 642.

Although a plaintiff cannot use artful pleading to avoid displacement of state law claims that are really claims under ERISA, § 502(a) cannot distort a plaintiff's well-pleaded state law cause of action into one arising under ERISA if resolution of the purely state law claims requires no construction of the ERISA plan or its terms. *Jass,* 88 F.3d at 1488–89. Therefore, the question is whether the plaintiff's claim really implicates ERISA rather than the state law cited in the Complaint. *Id.* at 1489.

In *Jass,* 88 F.3d at 1487, the Seventh Circuit, relying on its decision in *Rice,* 65 F.3d 637, reiterated the three factors that are relevant in determining whether a claim is within the preemptive scope of § 502(a). Those factors are:

> (1) whether the plaintiff is eligible to bring a claim under that section; (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 502(a); and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law.

*Id.* at 1487 (quotations and citations omitted). In applying these factors, the Court is "not limited by the complaint, but may look beyond it to assure [itself] 'that the plaintiff has not by "artful pleading" sought to defeat defendant's right to a federal forum.' " *Id.* at 1488–89.

In the present case, the Fund argues that Plaintiff is the beneficiary of Davidson's pension fund because Davidson's action of taking his pension check to Plaintiff's check-cashing facility

4

"operated as an attempted assignment of whatever rights Defendant Davidson had to receive payment of pension benefits from the Pension Fund" (Doc. 17, p. 4). The Court disagrees.

A private individual bringing suit for benefits due under a benefit plan subject to ERISA must be either a "participant" or a "beneficiary." 29 U.S.C. § 1132(a). ERISA defines a participant as an "employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan" and a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(7), (8). Davidson did not designate Plaintiff as a beneficiary and nothing in Plaintiff's Complaint suggests otherwise. Thus, Plaintiff – neither a participant nor a beneficiary of the plan – is not eligible to bring a claim under § 502(a).

Further, Plaintiff's claims cannot be re-characterized as claims to recover benefits due under the terms of an ERISA plan. Rather, the Complaint is premised solely on state law theories based on the negotiation and subsequent dishonor of a check. Plaintiff's lawsuit seeks neither to enforce the terms of Davidson's plan nor to redress a violation of the plan. Clearly, Plaintiff is not asserting an ERISA claim but rather is asserting state common law claims for breach of presentment and transfer warranties. Those claims can be resolved without an interpretation of any part of an ERISA plan and, therefore, are not preempted by ERISA.

For the foregoing reasons, this Court lacks subject matter jurisdiction over Plaintiff's cause of action and Plaintiff's Motion to Remand (Doc. 11) is **GRANTED**. The Court **REMANDS** this case to the Circuit Court, Third Judicial Circuit, Madison County, Illinois. Further, Defendant's Motion to Dismiss (Doc. 6) is **MOOT**.

**IT IS SO ORDERED.**

**DATE: June 13, 2016**

                                                **s/ Staci M. Yandle**
                                                **STACI M. YANDLE**
                                                **United States District Judge**